FILED
August 14, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: \_\_\_\_pg\_\_\_\_
             DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAUL BRUNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 1:22-cv-00257-DAE |
| PILOT TRAVEL CENTERS LLC dba | § | |
| PILOT TRAVEL CENTER; | § | |
| JANET MEEK; GRANET RAIN, LLC; | § | |
| and PTCAA TEXAS, L.P. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS PILOT TRAVEL CENTERS, LLC'S AND PTCAA TEXAS, L.P.'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Pilot Travel Centers, LLC d/b/a Pilot Travel Center ("Pilot") and PTCAA Texas L.P ("PTCAA") (collectively "Defendants") and file this their First Amended Answer to Plaintiff's Petition ("Petition"). In support thereof, Defendants would respectfully show unto the Court as follows:

### I.
### ANSWER TO THE COMPLAINT

1.  Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 1 of the Petition, and, therefore, deny same.

2.  Defendants admit that Pilot Travel Centers LLC is a foreign limited liability company. Otherwise, Defendants deny the remaining allegations in Paragraph 2 of the Petition.

3.  Defendants deny the allegations in Paragraph 3 of the Petition.

# EXHIBIT A

4. Defendants deny the allegations in Paragraph 4 of the Petition.

5. Defendants admit that PTCAA Texas, LP is a Texas limited partnership. Otherwise, Defendants deny the remaining allegations in Paragraph 5 of the Petition.

6. Defendants would show that Paragraph 6 of the Petition contains procedural allegations for which no response is required.

7. Defendants would show that Paragraph 7 of the Petition contains venue allegations for which no response is required.

8. Defendants admit that, at the time this incident occurred, Pilot Travel Centers LLC owned and operated the location in question. Otherwise, Defendants deny the remaining allegations in Paragraph 8 of the Petition.

9. Defendants deny the allegations in Paragraph 9 of the Petition.

10. Defendants deny the allegations in Paragraph 10 of the Petition.

11. Defendants deny the allegations in Paragraph 11 of the Petition.

12. Defendants deny the allegations in Paragraph 12 of the Petition.

13. Defendants incorporate all previous denials/admissions set forth above to those paragraphs incorporated by Plaintiff into Paragraph 13 of the Petition.

14. Defendants deny the allegations in Paragraph 14 of the Petition.

15. Defendants deny the allegations in Paragraph 15 of the Petition.

16. Defendants deny the allegations in Paragraph 16 of the Petition.

17. Defendants deny the allegations in Paragraph 17 of the Petition.

18. Defendants deny the allegations in Paragraph 18 of the Petition.

19. Defendants deny the allegations in Paragraph 19 of the Petition.

20. Defendants incorporate all previous denials/admissions set forth above to those paragraphs incorporated by Plaintiff into Paragraph 20 of the Petition.

21. Defendants deny the allegations in Paragraph 21 of the Petition.

22. Defendants deny the allegations in Paragraph 22 of the Petition.

23. Defendants deny the allegations in Paragraph 23 of the Petition, including all subparts and subparagraphs thereto.

24. Defendants deny the allegations in Paragraph 24 of the Petition.

25. Defendants deny the allegations in Paragraph 25 of the Petition.

26. Defendants deny the allegations in Paragraph 26 of the Petition.

27. Defendants deny the allegations in Paragraph 27 of the Petition.

28. Defendants would show that Paragraph 28 of the Petition contains a jury demand for which no response is required.

29. Defendants would show that Paragraph 29 of the Petition contains procedural allegations for which no response is required.

30. Defendants would show that Paragraph 30 of the Petition contains procedural allegations for which no response is required.

31. Defendants would show that Paragraph 31 of the Petition contains procedural allegations for which no response is required.

32. Defendants deny the allegations in Paragraph 26 of the Petition.

## II.
## AFFIRMATIVE DEFENSES/OTHER PLEAS

33. Defendants would show that PTCAA cannot be held liable because it did not exercise control over the premises in question. *See Shell Oil Co. v. Khan*, 138 S.W.3d 288, 292-93 (Tex. 2004).

34. Defendants would show that Defendants owed no duty to Plaintiff because the alleged condition was open and obvious and/or was already known to Plaintiff before the incident at issue. *See Austin v. Kroger Texas, LP*, 465 S.W.3d 193 (Tex. 2015).

35. Defendants would further show that Defendants are not liable to Plaintiff because Defendants had no notice of the alleged condition. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812 (Tex. 2003).

36. Defendants would further show that Plaintiff was negligent, and such negligence on the part of the Plaintiff proximately caused or contributed to the accident and the Plaintiff's damages, if any. Specifically, Plaintiff failed to keep a proper lookout for Plaintiff's surroundings, ignored obvious warning signs, and/or voluntarily encountered an open and obvious condition.

37. Defendants would further show that Plaintiff's injuries were caused solely by the acts/omissions of third-parties, for whom Defendants cannot be held liable.

38. Defendants would further show that Defendants intend to rely upon § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which limits recovery of medical expenses to those actually paid and incurred.

39. Defendants would further show that, in the unlikely event that there is a judgment or that a party becomes a settling person, Defendants intend to rely upon the provisions of Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE regarding, among other things, determining credits and/or percentage findings of fault of the parties, reduction of the jury verdict, if any, by the percentage of fault attributed to the Plaintiff, the bar for recovery by Plaintiff if the percentage of responsibility assessed to Plaintiff exceeds 50%, a reduction for any settlement credits, and the allocation of responsibility to any settling person or Responsible Third Party.

40. Defendants would further show that in the unlikely event that a judgment is entered against Defendants, any pre-judgment interest recoverable in the case should be limited in accordance with § 304.101, et. seq., TEXAS FINANCE CODE, and § 41.007, TEXAS CIVIL PRACTICE & REMEDIES CODE.

41. Defendants would further show that Plaintiffs may not recover for lost earnings, lost earning capacity, or loss of pecuniary value except as presented in the form of a net loss after reduction for income tax payments or unpaid tax liability in accordance with TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091.

42. Defendants would further show that Defendants intend to rely upon the caps and other limitations on punitive/exemplary damages found in Chapter 41 of the Texas Civil Practice and Remedies Code.

43. Defendants would further show that numerous pre-existing medical conditions were the sole proximate cause of the injuries and damages Plaintiff alleges in this case.

44. Defendants would further show that Plaintiff sued Defendants for exemplary damages. Defendants, therefore, further affirmatively plead that to award exemplary damages against Defendants would be in violation of the Texas Constitution and United States Constitution as follows:

   a. **Due Process**. An award of punitive damages against Defendants, as pled by Plaintiff, denies Defendants due process of law and is in violation of the Texas Constitution, Article 1.19, Amendments V and XIV to the United States Constitution for the following reasons:

      i. There are no statutory or reasonably ascertainable common law limitations on the amount of punitive damages Plaintiff may recover against Defendants, which

      denies Defendants fair notice of the maximum amount of punitive damages that may be awarded against Defendants. Because an award of punitive damage is punitive or penal in nature, due process requires that a punitive damage award be subject to ascertainable limits and that Defendants have notice of the maximum amount of any such penalty or fine that may be assessed against Defendants.

  ii. The factors that may be considered in determining the amount of punitive damages to be imposed upon Defendants are vague and overly broad and fail to provide Defendants access to the Courts, in due course of the law, to prepare for and provide a defense against an excessive award of punitive damages.

  iii. The standard for recovery of exemplary damages, "gross negligence," is vague and overly broad and does not provide Defendants with adequate prior notice of conduct which would constitute the basis for an imposition of punitive damages and/or the amount of punitive damages that may be imposed.

  iv. The imposition of exemplary damages, being punitive and penal in nature, requires proof of the higher standard than "preponderance of the evidence." Due process requires that Plaintiff establish the liability for and the amount of punitive damages by clear and convincing evidence.

b. **Ex Post Facto Law**. Permitting recovery of punitive damages without previous notice to Defendants of Defendants' conduct which constitutes the basis for imposition of punitive damages and/or the maximum amount of such damages which could be imposed constitutes an imposition of an ex post facto law and penalty, which violates Articles I § 9 Clause 3 of the United States Constitution and Article I § 16 of the Texas Constitution.

  c. **Excessive Fine**.  In addition to the allegations set forth above, an award of exemplary damages that is not based on reasonable guidelines and that is not subject to a reasonably ascertainable maximum limitation and constitutes the imposition of an excessive fine, in violation of Article I § 13 of the Texas Constitution and Amendment VIII to the United States Constitution.

  d. **Equal Protection**. Allowing a jury to set punitive damages based upon the wealth or net worth of a party or any financial considerations in regard to the parties and to authorize or allow imposition of punitive damages in light of such evidence or based upon such standard is a violation of the equal protection laws of this country and this state, including Amendment XIV to the United States Constitution and Article I § 3 of the Texas Constitution.

  e. **Separation of Powers**.  The allowance of punitive damages against Defendants without a specific statute governing the maximum amount or the standards for determining the amount of the award constitutes a violation of the separation of powers doctrine as provided in Article I, II, and III of the United States Constitution and Articles II, III, and V of the Texas Constitution. In effect, an award of exemplary damages in an amount to be determined by a jury without any limitations would constitute both the passage of a law, which is a legislative function, and the trial under such law, which is judicial function (determining the described conduct and setting the fine and forfeiture).

  45. Defendants specifically deny that the proper parties are before the Court because there is a defect in the parties. Specifically, Defendant Janet Meek is deceased and, therefore, is not and cannot be a proper party to this lawsuit. Furthermore, Janet Meek and Granet Rain, LLC

did not exercise control over the area in question and, consequently, are improper parties as there is no basis in law or fact that would entitle Plaintiff to recovery against these parties.

## III.
## SPECIAL EXCEPTIONS

46.     Defendants specially except to Plaintiff's First Amended Petition because Plaintiff does not give Defendants fair notice of the claims against them. Instead, Plaintiff relies on conclusory group allegations that fail to provide Defendants fair notice of any culpable conduct on their behalf and merely parrot the elements gross negligence claims. Indeed, Plaintiff has failed to allege with any specificity the acts that render Defendants liable for gross negligence. Therefore, Defendants specially except to Paragraph 25 of Plaintiff's First Amended Petition.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take and recover nothing by Plaintiff's action herein and that Defendants recover their costs, and for such other and further relief both at law and in equity to which Defendants may show themselves to be justly entitled. Defendants further pray that the Court set their special exceptions for hearing and, after the hearing, sustain Defendants' special exceptions, and order Plaintiff to replead and cure Plaintiff's pleading defects, and if Plaintiff does not cure the pleading defects, strike the defective portions of Plaintiff's pleading.

Respectfully submitted,

*/s/ Michael B. Jones*
Michael B. Jones
SBN 24002375
MJones@CanterburyLaw.com
Kaitlyn M. McClaine
SBN 24126196
KMcClaine@CanterburyLaw.com

CANTERBURY, PC

4851 LBJ Freeway, Suite 301
Dallas, Texas 75244-6136
972.239.7493 – Telephone
972.490-7739 – Facsimile

ATTORNEYS FOR DEFENDANTS
PILOT TRAVEL CENTERS LLC dba
PILOT TRAVEL CENTER and
PTCAA TEXAS, L.P.

## CERTIFICATE OF SERVICE

I certify that on the 9th day of August, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the CM/ECF electronic case filing system of the court and/or served the foregoing document by another method authorized by Federal Rule of Civil Procedure 5(b).  The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as a service of this document by electronic means.  I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Michael B. Jones*
Michael B. Jones