# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PAUL BRUNER,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | |
| PILOT TRAVEL CENTERS, LLC,<br>d/b/a PILOT TRAVEL CENTER<br>and PTCAA TEXAS, L.P.,<br>*Defendants* | §<br>§<br>§<br>§<br>§ | Case No. 1:22-CV-00257-DAE |

## ORDER

Before the Court is Movant Daniel V. "Tad" Rice's Unopposed Motion to Withdraw, filed August 3, 2023 (Dkt. 19).[1] On September 18, 2023, the Court held a hearing on the Motion, at which Rice and Plaintiff Paul Bruner both appeared by Zoom and telephone, respectively.

### I.   General Background

Bruner, a California resident, alleges that on February 16, 2020, he entered the shower room at the Pilot Travel Center located at 2342 North Main Street, Junction, Texas 76849 ("Pilot Store") "when, suddenly and without warning, a ceiling fan and/or similar object came loose and fell onto Plaintiff's person, causing Plaintiff to sustain . . . serious injuries and damages." Plaintiff's First Amended Petition ¶ 10, Dkt. 1 at 28. On February 1, 2022, Bruner filed this suit in Texas state court against Pilot Travel Centers LLC ("Pilot"), a Delaware limited liability company; Granet Rain, LLC ("Granet"), a Texas limited liability company; and Janet Meek, a now-deceased Texas resident.[2] *Bruner v. Pilot Travel Ctrs. LLP*, No. DCV-2022-2191 (452nd Dist. Ct., Kimble Cnty.,

---

[1] By Text Order entered August 14, 2023, the District Court referred the Motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

[2] On March 3, 2022, Kenneth Henneke, the administer of Meek's estate, was substituted for Meek. Dkt. 1 at 2.

Tex. Feb. 1, 2022), Dkt. 1 at 17. Bruner asserts claims of negligence, premises liability, and gross negligence, and seeks damages exceeding $1 million. Bruner amended his petition to add PTCAA Texas L.P. ("PTCAA"), a Texas limited partnership, as a defendant. Dkt. 1 at 26.

Defendants Pilot and PTCAA removed this case to federal court on the basis of diversity of citizenship, pursuant to 28 U.S.C. §1446(a). *Id.* at 1. The parties later filed a stipulation of dismissal and asked the District Court to dismiss Defendants Henneke and Granet from the suit without prejudice. Dkt. 8. The District Court granted the request and dismissed Defendants Henneke and Granet on April 25, 2022. Dkt. 9.

In his Motion to Withdraw, Rice asks the Court's permission to withdraw from representing Bruner due to "irreconcilable differences." Dkt. 19 at 1. Rice alleges that "he was approached with this case less than a month before the statute of limitations" and filed suit "to protect the statute." *Id.* Rice contends that: "During the course of this lawsuit, Movant and Plaintiff have reached irreconcilable differences causing Movant's inability to represent Plaintiff in this matter." *Id.* at 2. Rice also asserts that Bruner gave verbal consent for Rice to withdraw "almost two months ago, but has not signed the agreement for same." *Id.* Rice also has not hired replacement counsel. Defense counsel does not oppose the motion to withdraw. The District Court has continued the trial date in this case, and discovery remains open. Second Amended Scheduling Order, Dkt. 18.

## II.     Legal Standards

An attorney may withdraw from representation only on leave of the court and a showing of good cause and reasonable notice to the client. *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting). Whether to grant an attorney's motion to withdraw is a "matter entrusted to the sound discretion of the court." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).

The withdrawing attorney bears the burden of proving the existence of good cause for the withdrawal. *Gowdy*, 925 F.3d at 204; *Prac. Interactive, Inc. v. Candelario*, No. A-20-CV-00645-

JRN, 2021 WL 3520915, at *1 (W.D. Tex. Jan. 4, 2021). Whether good cause exists depends on the facts and circumstances of each case. *Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 663 (5th Cir. 1996). Along with good cause, courts look to whether the withdrawal would materially prejudice the client or cause undue delay in the proceedings, or would be in the interests of justice. *Gowdy*, 925 F.3d at 204; *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981); *McCaig v. Maverick Field Servs., LLC*, No. MO:21-CV-173-DC-RCG, 2022 WL 19569583, at *1 (W.D. Tex. Apr. 28, 2022).

When filing a motion to withdraw, an attorney "should provide a detailed explanation of the reasons why he believes that 'good cause' exists for him to withdraw as counsel." *U. S. v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996). In the Western District of Texas, an attorney seeking to withdraw from a case also must

> file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set forth the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

Local Rule AT-3.

### III.   Analysis

The Court finds that (1) Bruner has reasonable notice of Rice's withdrawal, and (2) Rice has presented good cause to withdraw from representing Bruner because "irreconcilable differences" have arisen between them as to management of this case. *See Gowdy*, 925 F.3d at 204 (affirming holding that counsel presented good cause where he cited "irreconcilable differences over issues related to . . . the management of the litigation").

The Texas Disciplinary Rules of Professional Conduct[3] support this finding. Rule 1.15(b) of these Rules of Professional Conduct outlines six situations in which good cause would exist for withdrawing from representation of a client. Rule 1.15(b)(4) permits a lawyer to withdraw from representation if "a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement." *Id.*

Defendants do not oppose the Motion, which also supports withdrawal. And the Court finds that permitting Rice to withdraw would not unduly delay these proceedings.

For these reasons, Movant Daniel V. "Tad" Rice's Unopposed Motion to Withdraw (Dkt. 19) is **GRANTED**. As stated at the hearing, the Court strongly encourages Bruner to fined counsel to represent him in this matter as soon as possible in lieu of proceeding *pro se* in this matter.

The Court orders the Clerk to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert David A. Ezra.

**SIGNED** on September 18, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Western District of Texas has adopted the Texas Disciplinary Rules of Professional Conduct. Local Rule AT-7(a).

4