IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PAUL BRUNER,<br>    *Plaintiff*<br><br>v.<br><br>PILOT TRAVEL CENTERS, LLC,<br>d/b/a PILOT TRAVEL CENTER and<br>PTCAA TEXAS, L.P.,<br>    *Defendants* | Case No. 1:22-CV-00257-DAE |

**ORDER**

Now before the Court are Plaintiff's Motion to Appoint Counsel, filed April 10, 2024 (Dkt. 26), and Defendant's Response to Plaintiff's Motion to Appoint Counsel, filed May 15, 2024 (Dkt. 28). By Text Order entered April 10, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Bruner, a California resident, alleges that on February 16, 2020, he entered the shower room at a Pilot Travel Center in Junction, Texas "when, suddenly and without warning, a ceiling fan and/or similar object came loose and fell onto Plaintiff's person, causing Plaintiff to sustain . . . serious injuries and damages." Plaintiff's First Amended Petition ¶ 10, Dkt. 1 at 28. Bruner filed this suit in Texas state court against Pilot Travel Centers LLC ("Pilot"), a Delaware limited liability company; Granet Rain, LLC, a Texas limited liability company; and Janet Meek, a now-deceased Texas resident. *Bruner v. Pilot Travel Ctrs. LLP*, No. DCV-2022-2191 (452nd Dist. Ct., Kimble Cnty., Tex. Feb. 1, 2022), Dkt. 1 at 17. Bruner asserts claims of negligence, premises liability, and gross negligence, and seeks damages exceeding $1 million.

Bruner amended his petition to add PTCAA Texas L.P., a Texas limited partnership, as a defendant. Dkt. 1 at 26. Kenneth Henneke, executor of Meek's estate, was substituted for Meek. *Id.* at 2. Defendants Pilot and PTCAA removed this case to federal court on the basis of diversity of citizenship under 28 U.S.C. §1446(a). *Id.* at 1. Pursuant to the parties' stipulation, the District Court dismissed Defendants Henneke and Granet Rain without prejudice. Dkt. 8; Dkt. 9.

On August 3, 2023, Bruner's attorney, Daniel Rice, moved to withdraw from representation due to "irreconcilable differences." Dkt. 19 at 1. After holding a hearing and finding that Rice had presented good cause and reasonable notice to Bruner, this Magistrate Judge granted Rice's Motion to Withdraw on September 18, 2023. Dkt. 24. The Court strongly encouraged Bruner to find counsel to represent him in lieu of proceeding *pro se*. *Id.* at 4.

Bruner sent a letter to the District Court requesting appointment of counsel. Dkt. 26.[1] He states that while he has "called over a 100 attorneys," none will represent him because "they are not able to win my case, so they are not interested." Dkt. 26. Bruner asks the District Court to "please help [him] with this case or lead [him] in a direction that can help." *Id.* Defendants oppose the motion.

**II.   Analysis**

A pro se plaintiff in a civil case, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right. First, an indigent plaintiff is ineligible for appointment of counsel unless the district court determines that his claims meet a threshold level of plausibility." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citation omitted). Even if the plaintiff's claim is not frivolous, a district court is "not required to appoint counsel for an indigent plaintiff in a civil lawsuit unless there exist exceptional circumstances warranting such an appointment." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021).

---

[1] The Clerk of Court received and docketed the letter, dated November 17, 2023, on December 1, 2023. Dkt. 26. The letter was docketed as a Motion to Appoint Counsel on April 10, 2024.

Factors a district court should consider in determining whether exceptional circumstances warrant appointment of counsel include (1) the type and complexity of the case; (2) the plaintiff's ability adequately to present and investigate his case; (3) the presence of evidence that largely consists of conflicting testimony so as to require skill in presentation and cross-examination; and (4) the likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the trial and assisting in just determination. *Id.*

The Court finds that Bruner has not shown either that his claims are plausible or that exceptional circumstances exist to warrant appointment of counsel at this time. The issues presented in this negligence case are not particularly complex, and Bruner has adequately and coherently argued this motion. Because Bruner has not presented exceptional circumstances to warrant the appointment of counsel, his Motion to Appoint Counsel (Dkt. 26) is **DENIED**.

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert David A. Ezra.

**SIGNED** on May 31, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE